**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **PROTEGRITY CORPORATION**, a Cayman Islands company, and **PROTEGRITY USA, INC.**, a Delaware corporation, Plaintiffs, v. **ELAVON INC.**, Defendant. | Case No. 1:18-cv-140-ELR |

**PLAINTIFFS' PROTEGRITY CORPORATION AND PROTEGRITY USA, INC. MOTION TO AMEND SCHEDULING ORDER AND REOPEN DISCOVERY**

Plaintiffs Protegrity Corporation and Protegrity USA, Inc. (collectively "Protegrity" or "Plaintiffs") hereby request that the Court amend the scheduling order, (Dkt. 30), and reopen discovery for four additional months in conjunction with the contemporaneously filed Motion to Amend. As grounds for its motion, Protegrity states the following.

## I. BACKGROUND

On October 5, 2018, Protegrity served its First Set of Interrogatories on Defendant Elavon Inc. ("Elavon"). Among the six (6) interrogatories, was Interrogatory No. 1 which asked: "Please state each and every reason you contend that you did not breach the Software Agreement signed March 23, 2012." (Dkt. 40) Ex. 5 at 2. On November 5, 2018, Elavon responded, side-stepping the answer, claiming the interrogatory was vague and ambiguous and denying any breach. There was no mention of the Langford Hotel nor Agilysys, Inc. ("Agilysys").

During a meet and confer on January 30, 2019, following Elavon's non-responsive answer to Interrogatory 1, Protegrity represented that Elavon has been caught "red-handed" as to Langford Hotel. **Exhibit C**. Elavon then "supplemented" its answer to Interrogatory 1 on March 8, 2019, identifying Agilysis for the first time. (Dkt. 40) Ex. 5. Specifically, Elavon served its Supplemental Answers to Protegrity's First Set of Interrogatories, in which Agilysys was identified for the first time as a potential defendant due to its relationship to the Langford Hotel, the entity responsible for the first instance of infringement Protegrity is aware of. (*Id.*) In those responses, Elavon stated that Agilysys is a "remarketer selling access to Elavon services." (*Id.* at 4.) The term "Elavon Services" is defined to include only Elavon's payment processing and

gateway services and does not include Agilysys' services. (Dkt. 40) Ex. 1 at 32. Upon viewing Agilysys' website,[1] Protegrity determined that Agilysys is not a remarketer or reseller, but rather, Agilysys incorporates its payment processing services with Elavon's Services, which is in violation of the Software License between Protegrity and Elavon.

Accordingly, on March 29, 2019, counsel for Protegrity sent a termination letter to counsel for Elavon giving notice and a "30 day opportunity to cure by terminating all services being provided to Agilysys and its End Users." *See* **Exhibit A**. After not receiving a substantive response, Protegrity sent Elavon a confirmation letter on May 2, 2019. **Exhibit B**. Elavon's delay in responding circumvented the purpose of discovery and left Protegrity with no option to proceed under the current scheduling order. Elavon belatedly claimed not to be in breach but otherwise never substantively responded to the breach. This gave rise to Protegrity's currently pending Motion to Amend and corresponding Amended Complaint.

As set forth below, Protegrity respectfully requests the Court reopen discovery to determine whether there are other entities like Agilysys that Elavon

---

[1] www.agilysis.com (last visited July 30, 2019).

failed to identify during the original discovery period, because there has not been undue delay and Elavon would not be prejudiced.

## II. ARGUMENT

### A. Legal Standard

If a court has issued its scheduling order, the movant must demonstrate good cause under Rule 16(b) to modify that order. Fed. R. Civ. P. 16(b), (e); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n. 2, 1419 (11th Cir. 1998); *Wolf Designs, Inc., v. DHR & Co.*, 231 F.R.D. 430, 436 (N.D. Ga. 2005); *Datastrip Intern. Ltd. v. Intacta Tech.*, Inc., 253 F. Supp. 2d 1308, 1317 (N.D. Ga. 2003) ("Courts evaluating motions to amend ... must apply the good cause rubric of Rule 16 before considering whether amendments are proper under Rule 15 ...."). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Hemispherx Biopharma, Inc. v. Mid-South Capital, Inc.*, 2013 WL 12336168, at *2 (N.D. Ga. Sept. 5, 2013).

Furthermore, if the moving party sought the needed information before the deadline, then the moving party can establish the diligence necessary to show good cause. *Stephens v. Alltran Financial, LP*, 325 F.R.D. 711, 712 (N.D. Ga. 2018).

### B.     Good Cause Exists to Amend the Scheduling Order

In the Second Revised Joint Preliminary Report and Discovery Plan (Dkt. 29) at 4 (the "Discovery Plan"), the Court stated that "[a]mended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15." (*Id*.)  The Court then asked the parties to "[l]ist separately any amendments to the pleadings that the parties anticipate will be necessary" in which Protegrity stated that "[a]mendments to the pleadings may . . . be necessary based on information determined during discovery." (*Id*. at 5.)

The Discovery Plan contemplates that other parties may be necessary to this action.  (Dkt. 29) at 4 ("The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action").  Here, Protegrity was unable to determine whether Agilysys would be a proper party or whether further discovery into Agilysys would be necessary until after Elavon responded (or indeed, did not respond) to Protegrity's cure letter and after Elavon thereafter refused to consent to an amendment.  Protegrity was unable to submit any amendments to this Court until it was sure that Elavon was not going to cure the violations identified in Protegrity's March 29, 2019 letter or fulfill its obligations under the Federal Rules of Civil Procedure to fully respond to Protegrity's discovery requests.

Prior to Elavon's responses to discovery and lack of response to Protegrity's letter, Protegrity had no way to determine whether Agilysys would be a necessary party to this action. Elavon's Initial Disclosures, served on March 28, 2018, identified no Agilysys employees. **Exhibit D**. In fact, Protegrity requested Elavon to "[i]dentify by name any entities that are using or have used Protegrity Software," in its First Set of Interrogatories. However, Elavon did not disclose Agilysys in its initial responses to those interrogatories, served on November 7, 2018, choosing instead to provide boilerplate objections.

The Court scheduled this case for an 8-month discovery track (Dkt. 30), which ended on June 5, 2019. As shown in **Exhibit A**, Protegrity was anticipating a substantive response to its 30-day cure letter, sent on March 29, 2019. If Elavon had terminated all services being provided to Agilysys and its End Users, there would be no need to file the Amended Complaint. However, no response was received.

Protegrity was essentially stonewalled into believing that Elavon would provide a substantive response within the deadlines set for discovery. However, Elavon did not provide a substantive response.

Protegrity respectfully requests an additional four months for discovery into other entities that Elavon improperly entangled itself with that would be in

violation of the now-terminated license agreement. As described Protegrity's Response to Elavon's Motion for Summary Judgment, Elavon is in breach of the license agreement by not providing the "Combined Services" to "End Users" as defined by the agreement, among other reasons, thereby making it liable for copyright infringement and trade secret misappropriation. No expert discovery has taken place due to Elavon's reluctance in participating in discovery. Protegrity is requesting discovery be re-opened to determine the full extent of Elavon's breach.

Protegrity would be prejudiced if the scheduling order is not amended and discovery is re-opened. Due to Elavon's failure to respond to the March 29, 2019 letter, Protegrity was forced to delay its taking of discovery. Had Elavon cured the violations described in the March 29, 2019 letter, this case would have been dismissed. As a result and in an effort to save judicial resources, discovery was put on hold. Instead of curing, Elavon chose to remain silent, waiting until the discovery period ended so that the parties would only have the cherry-picked documents provided by Elavon to work with on summary judgment. As described in Protegrity's Response to Elavon's Motion for Summary Judgment, the way in which Elavon breached the agreement and infringed Protegrity's intellectual property invokes more than just Agilysys. In a case of letting no good deed go unpunished, Protegrity would be unable to determine the full extent of Elavon's

breach without an amendment of the scheduling order and the re-opening of discovery.

Four months is a reasonable amount of time to reopen discovery. Elavon related to Protegrity during a meet and confer conference that there are potentially thousands of Elavon "customers" who have been operating in the same manner as the Langford Hotel. (Dkt. 40) Ex. B at 10. Therefore, based on Elavon's responses to Protegrity's interrogatory requests, these "customers" are likely to be running highly confidential information like credit card numbers through an unauthorized entity like Agilysys using Protegrity Software, which is precisely what the license agreement was drafted to avoid. As such, it is reasonable to reopen discovery for an additional four months in order to get a full accounting of Elavon's breach.

### III. CONCLUSION

Based on the foregoing, Protegrity respectfully requests discovery be reopened for an additional four months.

| | |
|---|---|
| Date: July 30, 2019 | /s/*Vernon M. Strickland*<br>David M. Pernini<br>Georgia Bar No. 572399<br>Vernon M. Strickland<br>Georgia Bar No. 345346<br>WARGO & FRENCH, LLP<br>999 Peachtree Street, NE<br>26th Floor<br>Atlanta, Georgia 30309<br>Telephone: (404) 853-1500<br>Facsimile: (404) 853-1506<br>dpernini@wargofrench.com<br>vstrickland@wargofrench.com<br><br>Stefan V. Stein<br>Cole Carlson<br>William V. Stein<br>GrayRobinson, P.A.<br>401 East Jackson Street, Suite 2700<br>P.O. Box 33324<br>Tampa, Florida 33602<br>Tel: 813-273-5000<br>Fax: 813-273-5145<br>stefan.stein@gray-robinson.com<br>cole.carlson@gray-robinson.com<br>william.stein@gray-robinson.com<br><br>*Counsel for Plaintiffs Protegrity Corporation and Protegrity USA, Inc.* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 30, 2019 a true and correct copy of the foregoing has been furnished via electronic mail to all counsel of record.

*/s/ Vernon M. Strickland*
ATTORNEY
